# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ADAM GAPEN, | * | |
| | * | No. 19-422V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 8, 2023 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner;
Lynn C. Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Adam Gapen's motion for final attorneys' fees and costs. He is awarded $57,762.99.

\* \* \*

On March 21, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the pneumococcal conjugate vaccine he received on May 24,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2016, caused him to develop a serum sickness like reaction and a significant aggravation of his underlying ulcerative colitis. After respondent indicated his opposition the petition, the parties retained medical experts, with petitioner retaining Dr. Jerry Jacob and Dr. John Santoro and respondent retaining Dr. Emanual Maverakis and Dr. Randy Longman. Following the submission of reports from these experts, the undersigned issued a briefing order and the parties submitted their briefs in the following months. On May 5, 2022, the undersigned issued his decision dismissing the petition. 2022 WL 1711616.

On July 26, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $49,235.55 and attorneys' costs of $14,447.36 for a total request of $63,682.91. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 4. On July 27, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

2

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of his counsel, Ms. Kathleen Loucks: $358.00 per hour for work performed in 2018, $360.00 per hour for work performed in 2019, $362.00 per hour for work performed in 2020, $365.00 per hour for work performed in 2021, and $370.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Fey v. Sec'y of Health & Human Servs., No. 15-519V, 2020 WL 1896697, at *2 (Fed. Cl. Spec. Mstr. Mar. 5, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to an excessive amount of paralegal time billed on certain tasks, such as preparing *pro forma* documents such as notices of filing documents and exhibit lists. Additionally, paralegals frequently billed time for clerical tasks, such as filing documents. Filing documents is a clerical task for which attorneys should not charge.  See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by $1,210.42, representing a reduction of ten percent of the billed paralegal hours of EJN. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioner is therefore awarded final attorneys' fees of $48,025.13.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $14,447.36 in attorneys' costs. This amount is for acquisition of medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Dr. Jacob and Dr. Glenn Gourley, who was retained following the passing of Dr. Santoro but ultimately did no produce any work product in this case. The undersigned shall discuss these expert costs in turn.

For the work of Dr. Jacob, petitioner requests a total of $6,700.00, comprised of 12 hours of work billed at $550.00 per hour plus a $100.00 finder's fee. The undersigned was unable to find any prior instances of Dr. Jacob performing Vaccine Program work. Immunologists with extensive Vaccine Program experience have regularly been awarded $500.00 per hour for their work. See Switzer v. Sec'y of Health & Human Servs., No. 18-1418V, 2022 WL 774712 at *5 (Fed. Cl. Spec. Mstr. Jan. 25, 2022); Monge-Landry v. Sec'y of Health & Human Servs., No. 14-853V, 2020 WL 4219821, at *5 (Fed. Cl. Spec. Mstr. Jun. 30, 2020). Dr. Jacob falls short of this experience level and therefore in the undersigned's experience a reasonable hourly rate is $450.00 per hour. The undersigned further notes that Dr. Jacobs' invoice for his work does not comply with the undersigned's issued expert instructions. See Order Regarding Expert

Reports, issued October 24, 2019, at 8 ("The expert should list separate tasks separately. A rule of thumb is that every half hour should have a separate task, differentiated from other tasks."). In this case, Dr. Jacobs simply billed two blocks of 6 hours each for report preparation. The undersigned will therefore reduce the hours billed by 15 percent to address this issue. Overall, a reasonable total for Dr. Jacobs' work is $4,690.00.

For the work of Dr. Gourley, petitioner requests a total of $5,199.50, representing 6.25 hours billed at $675.00 per hour. Dr. Gourley is a pediatric gastroenterologist who has no prior Vaccine Program experience. He was retained following the passing of Dr. Santoro but after reviewing the record it was determined that Dr. Gourley's opinion would not be consistent with that of Dr. Santoro and no expert report from Dr. Gourley was ever submitted into the record. Dr. Gourley's hours billed are broadly reasonable, but his hourly rate is excessive. The undersigned has previously reviewed the work of Dr. Santoro and found that $400.00 per hour is a reasonable hourly rate. See Germaine v. Sec'y of Health & Human Servs., No., 2022 WL 4116898, at *3 (Fed. Cl. Spec. Mstr. Aug. 8, 2022). This establishes a reasonable baseline for the work of Dr. Gourley in this case. Therefore, a reasonable amount for Dr. Gourley's work is $2,500.00.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final costs of $9,737.86.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$57,762.99** (representing $48,025.13 in attorneys' fees and $9,737.86 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Ms. Kathleen Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
